ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

and

Sheila Kutz,

Plaintiff - Intervener,

v.

Minnesota Beef Industries, Inc.,

Defendant.

Civil Action No. 02-CV-810DSD/SRN

**Stipulation and Protective Order**

**WHEREAS**, Plaintiff Intervener has objected to the production of her psychological records on the grounds that she has not contended she has placed a psychological condition into controversy;

WHEREAS, Plaintiff Intervener has an interest in maintaining the confidentiality of her psychological records, but is willing to produce such records if the records are subject to a protective order;

**IT IS HEREBY ORDERED, UPON CONSENT OF THE PARTIES, AS FOLLOWS:**

1. That any and all psychological records produced by the Plaintiff Intervener in the above-captioned case be designated as confidential and subject as such to the following restrictions:

   a. They shall be used only for the purposes of this litigation including depositions, preparation for trial and appeal.

FILED APR 2 3 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

b. Unless otherwise ordered by the Court, such documents and information, including any copies made thereof, shall be treated as confidential and shall not be disclosed by the attorneys or any of their employees or partners to any person, governmental agency or entity except to persons assisting the attorneys in connection with this action, including the parties herein, paralegals, secretaries and witnesses. Persons other than contract attorneys, experts, contract support staff or employees of William J. Egan, PLC, Culberth, Lienemann & Stratton, LLP or Equal Employment Opportunity Commission to whom information contained in confidential documents is given or shown, made available or communicated shall agree in writing to be bound by the terms of this Order. The attorneys for the respective parties shall maintain a file of such written agreements. As to the persons over whom counsel for the party in question cannot obtain agreement to the terms of this Order, such counsel shall make no disclosure.

c. In the event that the above-described documents are used in any Court proceeding herein, the parties may request the Court to take steps to ensure the materials will not lose their confidential status.

2. That this Order shall not limit the use of information gained by any party apart from and independent of discovery, nor shall it limit the use of matters of public record.

3. Within forty-five (45) days after the termination of this litigation, all originals and reproductions of documents subject to this Order, with the exception of documents containing writings or markings constituting attorney-client privileged communications or attorney work product, shall be returned to the party producing them or the party to whom they belong. Those documents containing writings or other markings constituting attorney-client privileged communications or attorney work product shall be destroyed within forty-five (45) days after the termination of this litigation.

4. That this Order is without prejudice to the right of any party to seek from the Court modification of this Order.

5. That this Order shall not prevent in any further proceeding herein the offering or receiving into evidence of any deposition testimony, interrogatory and admission answers, or documents produced in the discovery proceedings herein.

**CULBERTH, LIENEMANN & STRATTON, LLP**

Dated: 4/17/03

By: ______________________

Celeste E. Culberth (#228187)
Leslie L. Lienemann (#230194
Culberth, Lienemann & Stratton, LLP
1050 Piper Jaffray Plaza
444 Cedar Street
St. Paul, MN 55101
(651) 290-9300

**ATTORNEYS FOR PLAINTIFF-INTERVENOR**

**WILLIAM J. EGAN, PLC**

Dated: 4-17-03

By: ______________________

William J. Egan (#166029)
William J. Egan, PLC
Edina Executive Plaza
5200 Willson Road
Edina, MN 55424
(952) 836-2770

**ATTORNEY FOR DEFENDANT**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Dated: 4/17/03

By: ______________________

Tina Burnside (#________________)
U.S. Equal Employment Opportunity Commission
440 Second Avenue South, Suite 430
Minneapolis, MN 55401
(612) 335-4040

**ATTORNEY FOR PLAINTIFF**

**IT IS SO ORDERED.**

Dated: 4/23/03

Susan Richard Nelson

Honorable Susan Richard Nelson
Magistrate Judge of District Court

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.