UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 02-810(DSD/SRN)

Equal Employment Opportunity Commission,

Plaintiff,

and

Sheila Kutz,

Plaintiff-Intervenor,

v.

Minnesota Beef Industries, Inc.,

Defendant.

**ORDER**

Rosemary J. Fox, Esq., Jean P. Kamp, Esq. and Equal Employment Opportunity Commission, 800 Federal Building, 310 West Wisconsin Avenue, Milwaukee, WI 53203 and Tina Burnside, Esq., Equal Employment Opportunity Commission, 330 South Second Avenue, Suite 430, Minneapolis, MN 55401, counsel for plaintiff.

Celeste E. Culberth, Esq., Leslie L. Lienemann, Esq. and Culberth, Lienemann & Stratton, 444 Cedar Street, Suite 1050, St. Paul, MN 55101, counsel for plaintiff-intervenor.

William J. Egan, Esq. and Egan & Associates, 150 Edina Executive Plaza, 5200 Willson Road, Edina, MN 55424, counsel for defendant.

This matter is before the court upon defendant's motion for summary judgment. For the following reasons, the motion is denied.

FILED DEC 11 2003
Richard D. Sletten, CLERK
Judgment Entd.
Deputy Clerk's Initials

**BACKGROUND**

Defendant Minnesota Beef Industries, Inc. ("Minnesota Beef") operates a meat processing plant in Buffalo Lake, Minnesota. Plaintiff is the Equal Employment Opportunity Commission ("EEOC"), an agency of the United States. Plaintiff-intervenor, Sheila Kutz ("Kutz") is a former employee of defendant. Kutz worked in defendant's production and quality assurance departments from 1992 until June 5, 1997, when she claims she was constructively discharged.

The EEOC alleges that defendant discriminated against Kutz on the basis of her gender by knowingly and intentionally subjecting her to a sexually hostile work environment, paying her less than similarly situated male employees for comparable work and constructively terminating her employment, all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

Intervening in the action, Kutz brings the same claims under Title VII and adds claims of gender discrimination and sexual harassment under the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363.03, Subd. 1.

Plaintiff and plaintiff-intervenor allege that Kutz was paid less than her male predecessor and male successor, even though she performed the same job. (Pl.-Intervenor's Mem. Opp'n Def.'s Mot. Summ. J. at 2-6; Am. Compl. at ¶¶ 3-10.) They further allege that

during her employment, Kutz was subjected to unwelcome sexually offensive and harassing comments and touching, including being told to put on a dress and dance on a catwalk to "keep the boys happy," being referred to as "honey" and "sweetie," being touched on the breasts, shoulders and abdomen, being called "bitch" and "cunt," and being told by a male coworker to "suck my dick." (Am. Compl. at ¶ 14.) Kutz further alleges that her male supervisor threatened that he was going to "kick [her] ass" and "shove [his] size nine shoe up her ass." (Am. Compl. at ¶ 23.) She claims that the sexually hostile work environment ultimately led to her constructive discharge. (Am. Compl. at ¶ 26.) Defendant moves for summary judgment, articulates a non-discriminatory justification for the pay differential and claims the affirmative defense of laches on all plaintiff's and plaintiff-intervenor's claims.

## DISCUSSION

### I. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In order for the moving party to prevail, it must demonstrate to the court that "there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)(quoting Fed. R. Civ. P. 56(c)). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. See id. at 322-23.

## II. Title VII and MHRA Gender Discrimination

Plaintiff and plaintiff-intervenor allege that defendant discriminated against Kutz because of her gender, in violation of 42 U.S.C. § 2000e-2(a).[1] The statute prohibits discrimination

---

[1] Plaintiff-intervenor also alleges gender discrimination and sexual harassment, based on the same facts, under the Minnesota (continued...)

"against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Discriminatory employment practices are established when a party "demonstrates that race, color, religion, sex, or national origin was motivating factor for any employment practice, even though other factors also motivated the practice." 42 U.S.C. § 2000e-2(m).

Motions for summary judgment in Title VII and MHRA gender discrimination cases are analyzed under the McDonnell Douglas "shifting burdens" framework. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Under that analysis, the plaintiff must first establish a prima facie discrimination claim. See McLaughlin v. Esselte Pendaflex Corp., 50 F.3d 507, 510 (8th Cir. 1995). Plaintiff must demonstrate that she is a member of the class of persons protected by the statute, that she was qualified for the employment, that she was displaced or suffered other adverse employment treatment in spite of her qualifications and that the adverse employment actions occurred under circumstances from which unlawful discrimination can reasonably be inferred. See McDonnell Douglas, 411 U.S. at 802. Plaintiff may not rely on her pleadings, but must bring forth specific, admissible evidence of

---

[1](...continued)
Human Rights Act, Minn. Stat. § 363.03, Subd. 1.

each element of the prima facie case. See Celotex, 477 U.S. at 322-23. Nonetheless, the prima facie showing is not a high burden. See Texas Dep't of Cmty Affairs v. Burdine, 450 U.S. 248, 253 (1981).

If a plaintiff successfully makes a prima facie showing of discrimination, the burden shifts to the defendant to articulate a legitimate, non-discriminatory justification for the adverse action. See McDonnell Douglas, 411 U.S. at 802. The defendant must set forth, through admissible evidence, a reason that is legally sufficient to entitle it to judgment. See Burdine, 450 U.S. at 255. The explanation must be sufficiently clear that the plaintiff has a full and fair opportunity to demonstrate pretext. See id. at 255-56. The court is not to question the wisdom of an employer's decision, only its motivation. See Rose-Maston v. NME Hospitals, Inc., 133 F.3d 1104, 1109 (8th Cir. 1998).

If the defendant employer offers a non-discriminatory basis for the adverse action, the burden shifts back to the plaintiff to demonstrate that the defendant's reason was a pretext to an impermissible motive. See McDonnell Douglas, 411 U.S. at 802; McLaughlin, 50 F.3d at 510. The plaintiff may show that the alleged discriminatory reason is more likely the true motivation for the adverse conduct or that the defendant's justification is simply not credible. See Burdine, 450 U.S. at 256. However, a showing of pretext alone may not suffice to overcome a defendant's

summary judgment motion. A plaintiff must show that when all the evidence is considered, gender bias is more likely than not a motivating factor for the defendant's actions. See Rothmeier v. Inv. Advisors, Inc., 85 F.3d 1328, 1336-37 (8th Cir. 1996).

Plaintiff-intervenor asserts that the McDonnell Douglas shifting burdens analysis should no longer be applied to Title VII discrimination claims after the United States Supreme Court issued its decision in Desert Palace v. Costa, 123 S. Ct. 2148, 2155 (2003).[2] The court does not agree with that proposition,

---

[2] Historically, if a plaintiff offered direct evidence of discriminatory animus at trial, he or she was entitled to the "mixed-motive" jury instruction. See Price Waterhouse v. Hopkins, 490 U.S. 228, 258 (1989). The jury was instructed to find for plaintiff if any part of the adverse decision had been motivated by the plaintiff's protected status. See Gagnon v. Sprint Corp., 284 F.3d 839, 847-48 (8th Cir. 2002). However, if the defendant proved by a preponderance of the evidence that, absent the prohibited bias, it would have taken the same action for non-discriminatory reasons, the plaintiff was entitled only to the limited relief provided under 42 U.S.C. § 2000e-5(g)(2)(B)(i) & (ii). See id. at 848. If the defendant failed to carry that burden, the plaintiff could pursue the full range of remedies provided for the Act. See id.

The Supreme Court recently held that plaintiffs are entitled to the "mixed-motive" instruction on circumstantial evidence of discriminatory bias. See Desert Palace, 123 S. Ct. at 2150 & 2155. However, the district court's analysis at the summary judgment stage has not changed. As the Court of Appeals for the Ninth Circuit, sitting en banc, explained in its review of Desert Palace, the McDonnell Douglas test is a pre-trial framework in which the district court analyzes a defendant's motion for summary judgment, while the "mixed-motive" instruction, whether based on direct, or now, indirect evidence, is given after the evidence is adduced at trial. See Costa v. Desert Palace, Inc., 299 F.3d 838, 856 (9th Cir. 2002).

The McDonnell Douglas standard serves to balance "employee rights and employer prerogatives" under Title VII and to recognize (continued...)

---

[2](...continued)
employers' "legitimate, non-discriminatory" bases for employment decisions. Price Waterhouse, 490 U.S. at 243 (citing McDonnell Douglas, 411 U.S. at 802; Burdine, 450 U.S. at 248). It enables courts to determine whether a plaintiff's claim raises a material fact question of impermissible bias in light of the defendant's proffered non-discriminatory reason for its actions. The shifting burdens analysis is not for juries to apply at trial. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 510 (1993); Desert Palace, 299 F.3d at 856.

Conversely, the Price Waterhouse analysis arises during and after trial. See Price Waterhouse, 490 U.S. at 279 (O'Connor, J., concurring); Desert Palace, 299 F.3d at 856-57. Previously, if the court found that direct evidence of discrimination had been presented during trial, the "mixed-motive" instruction was appropriate. See Price Waterhouse, 490 U.S. at 270-71 (O'Connor, J., concurring). Since Desert Palace, district courts may now give jurors the "mixed-motive" instruction when a plaintiff presents only circumstantial evidence of discrimination at trial. See Desert Palace, 123 S. Ct. at 2155. Nonetheless, on a defendant's motion for summary judgment, the court must still determine whether a plaintiff has made the necessary prima facie showing and, if so, whether the claim raises a material fact question in light of the defendant's proffered justification. See Hicks, 509 U.S. at 510 n.3; Hossaini v. W. Mo. Med. Ctr., 97 F.3d 1085, 1088 (8th Cir. 1996) (to avoid summary judgment, plaintiff must present evidence of prima facie claim and show existence of material fact question as to pretext). In that case, plaintiff is permitted to proceed to trial and present all admissible evidence of discrimination, whether direct or circumstantial. The jury will then decide the ultimate issue of whether plaintiff has proven by a preponderance of the evidence that defendant discriminated against her because of her gender. See 42 U.S.C. § 2000e-2(a) & (m).

After Desert Palace, plaintiffs reaching this stage will typically be entitled to the "mixed-motive" instruction. If the jury finds that prohibited bias was not a motivating factor, defendant prevails. If the jury finds that discriminatory bias was a motivating factor, it must still decide whether defendant would have taken the same action absent the impermissible bias. The jury must be queried whether the defendant has proven by a preponderance of the evidence that it would have taken the same action absent the discriminatory animus. See 42 U.S.C. § 2000e-5(g)(2)(B); Desert Palace, 123 S. Ct. at 2154-55. If defendant carries that burden, its liability will be limited in accordance with 42 U.S.C. § 2000e-5(g)(2)(B)(i) & (ii). If defendant fails, it may be liable for
(continued...)

but notes that plaintiff's and plaintiff-intervenor's claims survive defendant's motion for summary judgment under the McDonnell Douglas analysis in any event. The court does agree with plaintiff-intervenor that MHRA disparate treatment discrimination claims are reviewed under the McDonnell Douglas standard. See Erickson v. Farmland Indus., Inc., 271 F.3d 718, 724 n.2 (8th Cir. 2001); Goins v. West Group, 635 N.W.2d 717, 724 (Minn. 2001).

Here, plaintiff and plaintiff-intervenor claim that Kutz suffered two distinct forms of gender discrimination. First, they allege that she was paid less than similarly-situated male employees for performing the same work. Second, they contend that she was subjected to a sexually hostile work environment. They claim that both were motivated by Kutz's gender.

**a. Prima Facie Showing**

The court finds that plaintiff and plaintiff-intervenor have alleged sufficient facts and produced sufficient evidence to make the necessary prima facie showings of disparate treatment in pay and hostile work environment discrimination. It is undisputed that Kutz is a woman, and therefore, a member of a class of persons protected by Title VII and the MHRA. See 42 U.S.C. § 2000e-2(a); Minn. Stat. § 363.03, Subd. 1(1). Defendant does not dispute that Kutz was generally qualified for her position or that she was paid

---

[2](...continued) compensatory and punitive damages as well. See 42 U.S.C. § 1981(a).

less than males who performed the same job. Plaintiff and plaintiff-intervenor have also presented evidence that Kutz was subjected to a sexually hostile environment on the basis of her gender. (See e.g., Kutz Dep. at 68-95; Petrosky Dep. at 12-13 & 253-54.) They have pointed to evidence indicating that the hostile environment affected the terms and conditions of her employment, and that defendant was aware of the harassment but failed to take corrective action. (Kutz Dep. at 72-74, 78-80, 101-03, 106, 108-11 & 115-16.) Finally, plaintiffs have presented evidence suggesting that the hostile work environment tolerated by Kutz's direct supervisors caused her constructive termination. (Kutz Dep. at 93-94, 97-99 & 153-67; McCarthy Dep. at 139-46 & 157-58.) Therefore, plaintiff and plaintiff-intervenor have made the required prima facie showing of gender discrimination. See McDonnell Douglas, 411 U.S. at 802.

**b. Defendant's Non-Discriminatory Justification**

To rebut plaintiff's and plaintiff-intervenor's prima facie case, defendant must articulate a non-discriminatory basis for its actions. See id.; Burdine, 450 U.S. 254-55. Defendant claims that Kutz was paid less than male quality assurance managers and assistant managers because she was less qualified than her male counterparts. Defendant has presented some evidence to that effect. (Daniels Dep. at 16-22 & 24-26; Grow Dep. at 9-10 & 14.) Defendant's justification for the difference in pay is sufficient

to shift the burden to plaintiffs to demonstrate that it is pretext. See Burdine, 450 U.S. at 255-56.

Of course, defendant does not offer a justification to rebut plaintiff's and plaintiff-intervenor's claims of sexual harassment discrimination. To prevail on the hostile work environment claims, plaintiff and plaintiff-intervenor must prove that: (1) plaintiff-intervenor is a member of a protected class of employees, (2) she faced unwelcome sexual harassment, (3) based on her gender, (4) affecting a term or condition of her employment, and (5) defendant knew or should have known of the harassment and failed to take corrective action.[3] See Kopp v. Samaritan Health Sys., 13 F.3d 264, 269 (8th Cir. 1993). To succeed on its motion for summary judgment, defendant must show the absence of evidence establishing a material fact question on one or more of the essential elements of the claim, see Celotex, 477 U.S. at 322-23, or, as is the case here, assert an affirmative defense to the claim. Defendant asserts the equitable defense of laches.

---

[3] If one or more of the persons creating the hostile environment are the plaintiff's supervisors, she need not prove the fifth element. See Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998). Defendant may seek to avoid liability by proving affirmatively that it had an made and effective program for reporting and resolving sexual harassment claims available to plaintiff which she unreasonably failed to utilize. See id. at 806-07.

**c. Plaintiffs' Showing of Pretext**

Plaintiffs have provided sufficient evidence to create a fact question regarding pretext. While defendant argues that Kutz's male predecessor was paid more because he was better qualified, the manager admitted that he had not known what the previous male employee's qualifications and experiences were when he established Kutz's salary. (McCarthy Dep. at 120-22.) Further, defendant has not shown that the male employee's prior experience related to the actual demands of the job. If a skill or experience is not relevant to the performance of the job in question, it cannot support a difference in pay. See Peltier v. City of Fargo, 533 F.2d 374, 376-77 (8th Cir. 1976) (reviewing pay disparity under Title VII and Equal Pay Act, 29 U.S.C. § 206(d)(1)). Similarly, defendant claims it paid Kutz's male successor more because he was a college graduate, though he was not. (McCarthy Dep. at 92-93; Grow Dep. at 87-88.) Defendant also claims that employee was particularly skilled in and could help defendant develop a Hazard Analysis and Critical Control Point Program ("HACCP"), even though a HACCP plan was already in place when that employee was hired.[4] (Gilger Dep. at 11 & 229-30.)

Plaintiffs have cast sufficient doubt upon the credibility of defendant's proffered justifications for the disparities in pay to

---

[4] A HACCP is a systematic approach to food processing safety. See generally 9 C.F.R. § 417.

avoid summary judgment. See Burdine, 450 U.S. at 256; Rose v. NME Hospitals, Inc., 133 F.3d 1104, 1108 (8th Cir. 1998) (pretext found where employer's justification was not credible). After carefully reviewing the record in the light most favorable to the non-moving party, as is required under Fed. R. Civ. P. 56, the court finds sufficient evidence upon which a reasonable fact finder could conclude that Kutz was paid less than male employees who were similarly situated and that gender bias was more likely than not a motivating factor for the disparate treatment. Plaintiffs have also shown that defendant's proffered justification may be pretext. Summary judgment is therefore inappropriate and defendants' motion is denied as to plaintiffs' Title VII and MHRA claims based on unequal pay.[5] See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

**III. Laches Defense**

Defendant also moves for summary judgment on all claims on the basis of the equitable doctrine of laches. It argues that its ability to defend the action has been unfairly prejudiced because the EEOC did not file the instant suit until four years after Kutz initiated the EEOC investigation and more than two years after the EEOC issued its reasonable cause determination.

---

[5] The court also finds that a material question of fact exists as to whether plaintiff was constructively terminated.

Because there is no statute of limitations on actions brought against employers by the EEOC under Title VII, a defendant may seek dismissal where plaintiff's lack of diligence in prosecuting suit prejudices the defense. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002). Although the Supreme Court has not passed directly on whether the laches defense may be invoked against the EEOC, see id. at 122 n.14 (citing Occidental Life Ins. Co. v. EEOC, 432 U.S. 355, 373 (1977)), the Eighth Circuit has upheld the defense of laches against government agencies, including the EEOC. See Whitfield v. Anheuser-Busch, Inc., 820 F.2d 243, 244-45 (8th Cir. 1987); EEOC v. Liberty Loan Corp., 584 F.2d 853, 856 (8th Cir. 1978). To prevail on the defense of laches, defendant must show that 1) plaintiff unreasonably and without excuse delayed the action and 2) that the delay caused defendant prejudice. See Goodman v. McDonnell Douglas Corp., 606 F.2d 800, 804 (8th Cir. 1979) cert. denied, 446 U.S. 913 (1980). Laches is an equitable defense and its application is within the discretion of the district court. See Whitfield, 820 F.2d at 245 (citing Goodman, 606 F.2d at 804).

After reviewing the chronology of the EEOC's investigation and prosecution of Kutz's charges and the effect of the lengthy administrative proceedings on defendant's ability to defend the action, the court finds that the doctrine of laches does not apply in this case. While the EEOC has not fully explained the delay

between the failure of conciliation in August 1999 and the filing of the instant suit, defendant has been on notice of the action since its inception. Further, much of the evidence necessary for trial has remained in defendant's control. Additionally, while some witnesses may not recall every detail of the events occurring between 1992 and 1997, deposition transcripts show sufficient witness recall for a full and fair hearing. Defendant has not shown that any testimony lost due to faded memories would have served its interests. Defendant "is not entitled to a presumption that every scintilla of lost evidence ... would be favorable to its position." West v. Upper Miss. Towing Corp., 221 F. Supp. 590, 595 (D. Minn. 1963). Because defendant has not shown that it has been prejudiced by the EEOC's delay in bringing suit, the doctrine of laches is not applicable in this case. Therefore, defendant's motion for summary judgment on that basis is denied.

**CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Doc. No. 41] is denied.

Dated: December 11, 2003

David S. Doty, Judge
United States District Court