UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION, ) <br> ) <br> Plaintiff, ) <br> and ) <br> ) <br> SHEILA KUTZ ) <br> ) <br> Plaintiff-Intervenor, ) <br> v. ) <br> ) <br> MINNESOTA BEEF INDUSTRIES, INC., ) <br> ) <br> Defendant. ) <br> _____) | Civil No. 02-CV-810 (DSD/SRN) <br><br> **CONSENT DECREE** |

This action was filed by the Equal Employment Opportunity Commission ("EEOC") on April 17, 2002, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. In its complaint, the EEOC alleges that Defendant, Minnesota Beef Industries, Inc. ("Defendant") discriminated against Sheila Kutz by paying her less than male quality control supervisors, and subjecting her to a sexually hostile work environment. As a result of the discrimination, Kutz was constructively discharged from her employment. Kutz intervened in the lawsuit by bringing claims under Title VII and the Minnesota Human Rights Act.

Defendant denies that it has committed any of the violations alleged by the EEOC and Kutz. The EEOC, Defendant, and Kutz (hereinafter referred to as "the parties") have agreed to settle these claims in order to reach an amicable resolution of this matter and avoid further litigation. The terms of the agreement are set forth below.

SCANNED
MAY 17 2004
U.S. DISTRICT COURT MPLS

I. <u>Non-Monetary Terms</u>

A. <u>Compliance with Title VII</u>

Defendant agrees that it will not condone or tolerate acts of sex discrimination and/or sexual harassment as prohibited by 42 U.S.C. §2000e, <u>et. seq</u>. Defendant also agrees that it will not condone or tolerate acts of retaliation against any employee or former employee for exercising the right to oppose any practice made unlawful employment practice by Title VII, and to make a charge, testify, assist, or participate in an investigation, proceeding or hearing under 42 U.S.C. §2000e <u>et. seq</u>.

B. <u>Impact Upon the EEOC's Processing</u>

The EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation based upon allegations not included in the above-captioned case.

C. <u>Training</u>

Defendant shall provide training, specifically on sexual harassment and sex discrimination to all of its personnel, including owners, supervisors and managers within six months after the Consent Decree is entered by the Court, and agrees to continue to provide orientation to new employees, at its expense, relating to Defendant's obligation to maintain a work environment free from discrimination and harassment on the basis of sex, and regarding Defendant's obligation not to retaliate against individuals who complain about discrimination in the workplace. This training will also instruct all employees on the policies and procedures of reporting, responding to and investigating claims of sex discrimination including harassment.

D. <u>Creation and Dissemination of Anti-Discrimination Policy</u>

Defendant shall certify to the EEOC that it has an anti-discrimination and anti-harassment

2

policy. Such policy will specifically outline procedures for reporting and investigating complaints of sex discrimination, and will include the names of persons to whom discrimination complaints should be made. If no such policy exists, Defendant shall create such a policy within 30 days. This policy shall be disseminated to all employees.

E. <u>Posting of Notice</u>

Defendant agrees to post the notice (Exhibit A hereto) in its facility in a clear and conspicuous location customarily used for the posting of employee notices. Defendant agrees to post this notice within five calendar days of approval of this Consent Decree by the Court, for 90 consecutive calendar days.

F. <u>Removal of References to EEOC Charge/Lawsuit from Personnel File</u>

Defendant shall remove from Kutz's personnel file any record or indication that relates to her charge filed with the EEOC, the investigation, litigation, or resolution of the charge.

G. <u>Positive Reference</u>

When and if Defendant is contacted by a prospective employer of Kutz's for an employment reference, Defendant shall provide positive reference information, consisting of dates of employment, positions held, and that Kutz was a good employee who performed her job well and efficiently.

H. <u>Record-keeping and Reporting</u>

For five years from the date of this Consent Decree, Defendant shall document and maintain records related to every complaint that it or any manager or supervisor receives from any employee alleging sex discrimination or sexual harassment. During this period, Defendant shall also provide the EEOC with semi-annual reports, with the first report being due five months

after the Final Order. Defendant shall provide the EEOC with a report every six months thereafter throughout the term of this Decree. The reports shall include the following information for each complaint known to Defendant: the name, address, telephone number, and social security number of all employees at Defendant's facility, if any, who, during the reporting period, complained either verbally or in writing about sex discrimination and/or sexual harassment; the date and nature of each complaint; the identity of each person to whom each complaint was made; and the action taken by Defendant in response to each complaint. Finally, the EEOC may inspect Defendant's premises, interview employees and examine and copy documents. The EEOC shall give written notice one week prior to coming on the premises for inspection.

I.  Enforcement of Consent Decree

If at any time during the effective date of this Consent Decree, the EEOC believes that a violation of this Decree has occurred, prior to exercising its right to move to compel enforcement, the EEOC shall give written notice detailing the perceived violation to Defendant. Defendant shall have thirty (30) days from receipt of written notice to investigate and respond in writing to the allegation that a violation has occurred. Thereafter, the parties shall have a period of thirty (30) days, or such additional period as may be agreed upon in writing by them, in which to engage in negotiation and conciliation regarding any alleged violation before the EEOC may move to compel compliance.

J.  Certification to the EEOC

Within 10 calendar days following compliance with the posting, training and creation/dissemination of anti-discrimination policy provisions of this Consent Decree,

Defendant will notify the EEOC of such compliance through a letter from an appropriate representative.

K.     <u>No Other Agreements</u>

This Consent Decree constitutes the sole agreement among all of the parties concerning the settlement of the above-captioned lawsuit. In addition, Kutz and Minnesota Beef Industries, Inc. have also entered into a separate Confession of Judgment and Warrant of Attorney Agreement and a private Allocation Agreement, in connection with issues arising solely between them. The parties agree that no promises or inducements have been made except as set forth in this Consent Decree and the Confession of Judgment and the Warrant of Attorney Agreement and Allocation Agreement between Kutz and Minnesota Beef Industries, Inc., and that there are no other agreements, written or oral, express or implied, between or among the parties concerning the subject matter of this lawsuit.

L.     <u>Enforcement of Terms of Consent Decree and Jurisdiction</u>

Upon execution of the Consent Decree by the parties, the parties will execute a Stipulation for Dismissal with Prejudice, pursuant to Fed. R. Civ. P. 41(a)(2), to dismiss this case without costs to the parties, with the Court to reserve jurisdiction to enforce the terms of the Consent Decree. The affirmative obligations under this Consent Decree shall be effective and binding upon the parties for the period of five calendar years from its final approval by the Court. This Court shall retain jurisdiction of this action for the purpose of enforcing this Decree and entry of such further orders as may be necessary or appropriate for the same period of time, except that, if any party has, prior to the expiration of the five year period, commenced proceedings to compel compliance, this Court will retain jurisdiction of the action until all issues

relating to such compliance proceedings have been resolved. At the end of the five year period, or as soon as all enforcement issues (if any) have been resolved, whichever occurs last, this Court will dissolve the Consent Decree and will dismiss this action with prejudice without further motion by any party.

II.  Monetary Relief

   A.  Settlement Amount

Defendant agrees to settle this case for $140,000.00, which will be divided into two payments. The first payment will be for the gross amount of $90,000.00. This payment will be issued in two separate checks: one payable to Sheila Kutz for the gross amount of $51,132.82, and the other to her attorneys, Culberth, Lienemann and Stratton, LLP for $38,867.18. The first payment is payable within 10 calendar days after this action is dismissed pursuant to this Consent Decree.

The second payment will be for the gross amount of $50,000.00, which is payable on January 15, 2005. This payment will again be issued in two separate checks: one payable to Sheila Kutz for the gross amount of $33,335.00, and the other to her attorneys, Culberth, Lienemann and Stratton, LLP for $16,665.00.

The checks shall be sent by certified mail, return receipt requested, to Kutz and her attorneys, Culberth, Lienemann and Stratton, LLP, respectively, and copies of the checks shall be mailed simultaneously to the undersigned counsel for the EEOC.

With respect to the payments made to Sheila Kutz, Defendant will pay the employer's share of required withholdings, if any, including Social Security. Neither the EEOC nor Defendant make any representation, or assume any responsibility for any tax liability,

assessments, interest, penalties and/or costs that Kutz may or may not incur on such payments under local, state and/or federal law.

The amounts of settlement shall be secured by a Confession of Judgment and Warrant of Attorney Agreement (Exhibit B hereto) in the amount of $175,000.00, less the amount or amounts, if any, paid to date of entry of the Confession of Judgment.

I have read the foregoing Consent Decree, and accept and agree to the provisions contained therein.

_____  5/13/04
Jean P. Kamp                Date
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Milwaukee District Office
310 W. Wisconsin Ave., Suite 800
Milwaukee, WI 53203


_____  5/11/04
Tina Burnside (WI 1026965)  Date
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Minneapolis Area Office
330 S. Second Ave., Suite 430
Minneapolis, MN 55401
(612) 335-4047

*Attorneys for Plaintiff*

_____          5/3/04
Celeste Culberth                   Date
Leslie Lienemann
CULBERTH, LIENEMANN AND STRATTON
1050 Piper Jaffray Plaza
444 Cedar Street
St. Paul, MN 55101
(651) 290-9300

*Attorneys for Plaintiff-Intervenor*


_____          May 10, 2004
William J. Egan                    Date
WILLIAM J. EGAN, PLC
Edina Executive Plaza, Suite 315
5200 Willson Road
Edina, MN 55424
(952) 836-2770

*Attorneys for Defendant*


## ORDER

SO ORDERED this 17TH of ___MAY___, 2004.

_____
Hon. David S. Doty
United States Judge

## NOTICE TO EMPLOYEES

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY )<br>COMMISSION, )<br>)<br>            Plaintiff, )<br>and )<br>)<br>SHEILA KUTZ )<br>)<br>            Plaintiff-Intervenor, )<br>v. )<br>)<br>MINNESOTA BEEF INDUSTRIES, INC., )<br>)<br>            Defendant. )<br>_____) | Civil No. 02-CV-810 (DSD/SRN) |

This Notice is being posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission (EEOC), and Minnesota Beef Industries, Inc. A charge was filed with the EEOC alleging that Minnesota Beef violated Title VII of the Civil Rights Act of 1964 by discriminating against an employee. Although Minnesota Beef contends that it did not intend to discriminate against any employee, Minnesota Beef has agreed to take the following steps:

1. Without admitting any violation of the law in the past, Minnesota Beef agrees not to engage in any type of discrimination, intimidation, or retaliation prohibited by Title VII.

2. Minnesota Beef will provide training to its staff including supervisors, managers, and administrators in regard to its policies forbidding any such discrimination, intimidation, or retaliation and providing for disciplinary action against violators.

3. Minnesota Beef will disseminate its anti-discrimination and anti-harassment policies to all of its employees outlining that discrimination and harassment, specifically on the basis of sex, is prohibited.

The EEOC enforces Title VII, which prohibits job discrimination based on race, color, religion, sex or national origin, the Age Discrimination in Employment Act, the Equal Pay Act, prohibitions against discrimination against individuals with disabilities in the federal sector, sections of the Civil Rights Act of 1991, and Title I of the Americans with Disabilities Act, which prohibits discrimination against people with disabilities in the private sector and state and local governments. The Minneapolis office of the EEOC is located at 330 S. Second St., Suite 430, Minneapolis, MN 55401. The office is open from 8:00 a.m. to 4:30 p.m., Monday through Friday. Persons interested in contacting the EEOC may do so either by visiting or writing or by calling (612) 335-4040.

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Equal Employment Opportunity Commission,      Civil No. 02-810 (DSD/SRN)

       Plaintiff,

and

Sheila Kutz,                                 **CONFESSION OF JUDGMENT AND WARRANT OF ATTORNEY AGREEMENT**

       Intervenor,

vs.

Minnesota Beef Industries, Inc.,

       Defendant.

---

On this 3rd day of May, 2004, Plaintiff-Intervenor Sheila Kutz and Defendant Minnesota Beef Industries, Inc., hereby executes this Confession of Judgment and Warrant of Attorney Agreement pursuant to Minn. Stat. §§ 548.22 and 548.23 in connection with the transaction described below, and hereby agree as follows:

## I. STATEMENT OF FACTS OUT OF WHICH INDEBTEDNESS AROSE.

Plaintiff-Intervenor Sheila Kutz was employed by Defendant Minnesota Beef Industries, Inc., from 1992 until June, 1995, when she claimed that she was constructively discharged. Thereafter, Plaintiff-Intervenor Kutz filed a Charge of Discrimination with the Equal Employment Opportunity Commission, which later commenced the above-referenced lawsuit. Sheila Kutz thereafter intervened. All parties have discussed their rights and remedies with their respective counsel. All parties desire to resolve all disputes among them and all claims which have been or could have been

-1-


EXHIBIT B

raised, including all claims which could have been raised under all federal, state, and local statutes, ordinances, and common law.

## II. AGREEMENT.

Plaintiff-Intervenor Sheila Guralski Kutz hereby acknowledges and agrees, that in exchange for payments equaling the sum total of $140,000.00, described in greater detail in Paragraph II.A. of the Consent Decree (Exhibit A), which payments are secured by this Confession of Judgment and Warrant of Attorney Agreement, she hereby releases all of her claims, rights to damages, and to relief of any kind from Minnesota Beef Industries, Inc., its subsidiaries, predecessors, successors and assigns, as well as any of its officers, agents, directors, employees, legal representatives and insurers, including all claims that she now has, whether or not she knows about them, including but not limited to: all claims arising out of or relating to her employment with Minnesota Beef Industries, Inc., or the termination thereof, including but not limited to, alleged violations of the Minnesota Human Rights Act, Title VII of the Civil Rights Act of 1964, as amended, or any other claims arising out of or relating to any other federal, state, county or municipal law, principles of common law, statute, regulation or order, legal or equitable, including but not limited to those claims that could have been raised in the above-captioned matter, including claims for any and all damages, equitable or injunctive relief, or attorneys' fees.

In exchange for this and other good and valuable consideration as set forth below, the sufficiency of which is hereby acknowledged Minnesota Beef Industries, Inc., hereby releases and forever discharges Sheila Guralski Kutz, her heirs, successors, assigns, and attorneys from any and all claims or causes of action of any type, for damages, attorneys fees, any additional costs, disbursements and related expenses, and any legal or equitable relief, of any kind, nature, and

description, past or present, known or unknown, asserted or unasserted, under any federal, state, or other local law or ordinance, or arising at common law, sustained by them or claimed to have been sustained by it, as a result of or growing out of her employment with Minnesota Beef Industries, Inc., and any other claims that were or that may have been asserted against Sheila Guralski Kutz in this or any other litigation.

Plaintiff-Intervenor Sheila Kutz and Defendant Minnesota Beef Industries, Inc. hereby acknowledge and agree that if Defendant Minnesota Beef Industries, Inc., does not pay the sums due under the Consent Decree when due, or if adequate security is not established, then Defendant Minnesota Beef Industries, Inc., will owe Plaintiff-Intervenor Sheila Kutz the sum total of $175,000.00, less payments actually made by Defendant Minnesota Beef Industries, Inc. toward the above-referenced settlement. In the event a payment is not paid on the date due, Plaintiff-Intervenor Sheila Guralski Kutz or her attorney shall serve written notice of default to Defendant Minnesota Beef Industries, Inc., at the offices of its attorney, Mr. William J. Egan, William J. Egan, PLC, 315 Edina Executive Plaza, 5200 Willson Road, Edina, Minnesota 55424, advising Defendant Minnesota Beef Industries, Inc., that it has five (5) business days to cure the default, and that if the default is not cured, Plaintiff-Intervenor may cause Judgment to be entered against Defendant Minnesota Beef Industries, Inc., for the amount of $175,000.00, less payments made towards settlement of the case.

### III.   WARRANT OF ATTORNEY.

Plaintiff-Intervenor Sheila Kutz and Defendant Minnesota Beef Industries, Inc., understand and agree that this settlement is expressly conditioned upon Defendant Minnesota Beef Industries, Inc.'s, payment of sums due under the Consent Decree on or before the dates specified in the Consent Decree, and Plaintiff-Intervenor Sheila Kutz's release of all claims against Defendant

Minnesota Beef Industries, Inc. In the event of Defendant Minnesota Beef Industries, Inc.'s failure to pay any portion of the sums when demanded, as described herein, Defendant Minnesota Beef Industries, Inc., irrevocably authorizes and appoints Celeste Culberth, Leslie Lienemann, or any other attorney designated by said attorney to appear for Plaintiff-Intervenor Sheila Kutz in any such court of record in the State of Minnesota, and to waive the issuance of service and process and notice of plea of confession, and to confess judgment against Defendant Minnesota Beef Industries, Inc., in favor of Plaintiff-Intervenor Sheila Guralski Kutz for the sum of $175,000, less payments made to that date, which said attorney, when presenting this Confession of Judgment to the Court will certify and swear are correct.

Defendant Minnesota Beef Industries, Inc., hereby consents to the immediate execution of any judgment confessed against it and waives stay of execution thereon, waives and releases all errors which may intervene in such action in ratifying and confirming all that said attorney may do in connection with said action or by virtue thereof. Defendant Minnesota Beef Industries, Inc., specifically and voluntarily waives any hearing that may be required prior to obtaining a judgment by confession, and acknowledges that this Confession of Judgment has been read by Defendant Minnesota Beef Industries, Inc., and its legal counsel, and that its officers and authorized representatives fully understand and agree to each and every provision thereof, hereby acknowledging receipt of a copy hereof.

A failure of Plaintiff-Intervenor Sheila Kutz to enforce this Confession of Judgment in any event of default by Defendant Minnesota Beef Industries, Inc., shall not constitute a waiver of the right to do so at any subsequent time.

## IV. GOVERNING LAW.

This Confession of Judgment and Warrant of Attorney Agreement will be construed and enforced in accordance with the laws of the State of Minnesota.

## V. VOLUNTARY AND KNOWING ACTION.

Plaintiff-Intervenor Sheila Kutz and Defendant Minnesota Beef Industries, Inc., by and through its authorized representative, William Gilger, represent and agree that they have been represented by their own legal counsel, that they have carefully read this Confession of Judgment and Warrant of Attorney Agreement, understand its terms and conditions, and have voluntarily and freely entered into this Agreement, as well as the Consent Decree referenced above. William Gilger also warrants and represents that he is the authorized representative of Minnesota Beef Industries, Inc., with all powers to bind the corporation as expressed herein.

DATED: 5/6/ , 2004

MINNESOTA BEEF INDUSTRIES, INC.

By _____
William Gilger
Its: President and Chief Financial Officer

Subscribed and sworn to before me this 6th day of May, 2004.

MICHELLE L. LARSON
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2005

_____
Notary Public

SHEILA GURALSKI KUTZ

*[signature]*
Sheila Guralski Kutz

Subscribed and sworn to before me

this __3rd__ day of __May__, 2004.

*[signature]*
Notary Public

> KELLY A. LINSE-HEMMELMAN
> NOTARY PUBLIC-MINNESOTA
> My Commission Expires Jan. 31, 2005